UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re: Kurt Benshoof

CASE NO. 2:25-mc-7-JNW

ORDER DENYING LEAVE TO PROCEED WITH COMPLAINT

This matter comes before the Court on Kurt Benshoof's proposed pro se complaint, Dkt. No. 10. For the reasons stated below, the Court DENIES Benshoof leave to proceed with his pro se complaint.

On February 11, 2025, the Court declared Benshoof a vexatious litigant and placed pre-filing restrictions on his ability to file pro se civil actions in this district. Dkt. No. 1. These restrictions require Benshoof to file his pro se complaint under a miscellaneous case number along with a:

> declaration signed under the penalty of perjury that identifies all past or pending cases initiated against the same defendant(s), concisely states the past disposition or present posture of those cases, succinctly describe why the proposed new action involves different factual allegations, and demonstrate that the new filing is not frivolous or in bad faith.

*Id.* at 17. After reviewing the proposed complaint and accompanying declaration, the Court may "deny leave to proceed with a civil action upon finding that it suffers

from the defects outlined above, or that it is otherwise without merit, without issuing an order to show cause." *Id.*

Benshoof filed his latest proposed complaint on August 13, 2025, alleging that three Seattle Police Department officers—Wallace, Alden, and Hughes—violated federal and state law by entering his property on August 15, 2022, and again on January 23, 2023. Dkt. No. 10. Benshoof brings federal and state law claims against Jordan Wallace, Jared Alden, Nicholas Hughes, and the City of Seattle, alleging violations of the Fourth and Fourteenth Amendments of the United States Constitution, negligence, and trespass. *Id.* In an accompanying declaration, Benshoof identifies only one related case, *Benshoof v. Chin et al.*, C24-808-JHC, and claims that he will "remove . . . any overlapping defendants or claims" if his proposed complaint be accepted by the Court. Dkt. No. 10-1.

The Court denies Benshoof leave to proceed with this latest pro se complaint, as he has failed to reflect accurately the multiple previous cases brought against the same defendants regarding the same underlying events. The Court is aware of at least three cases other than *Chin* in which Benshoof has either named the same defendants and made allegations related to the same factual circumstances.

- In *Benshoof v. Admon et al.*, C23-1392-JNW, Benshoof named both Seattle and Wallace as defendants, and included allegations pertaining to Wallace, Alden, and Hughes' involvement in the August 15, 2022, and January 23, 2023, incidents.

- In *Benshoof v. Fauci et al.*, C22-1281-LK, Benshoof named Hughes, Alden, and Wallace as defendants (in their "official and private capacities") and included factual allegations pertaining to the August 15, 2022, incident.
- In *Washington v. Benshoof*, C24-mc-60-JNW, one of Benshoof's unsuccessful attempts to remove his criminal case to federal court, he includes factual allegations pertaining to the August 15, 2022, and January 23, 2023, incidents, and Alden, Hughes, and Wallace's involvement in each.

In sum, the Court finds that the proposed complaint continues Benshoof's "history of repeatedly suing the same people or entities—essentially, using multiple cases to harass them," which led to the vexatious litigant order against him. Dkt. No. 1 at 14. The Court recognizes that Benshoof's previous claims do not allege the exact same constitutional violations as in the proposed complaint, but this does not change the fact that the "specific vice" the pre-filing restrictions are intended to address "are Benshoof's serial, and sometimes contemporaneous, filings of lawsuits addressing the same topics and against the same defendants." *Id.* at 15. Allowing Benshoof to rebait the same factual hook with a new constitutional theory and cast it into the same pond of defendants would circumvent the Court's prophylactic measures aimed at curtailing Benshoof's abusive and harassing behavior in this court. The Court will neither condone nor allow this.

Accordingly, the Court DENIES Benshoof leave to proceed with the proposed complaint. Dkt. No. 10. The pre-filing restrictions imposed on Benshoof, *see* Dkt. No. 1, remain in effect.

Dated this 26th day of November, 2025.

Jamal N. Whitehead
United States District Judge